**DANIEL GOMEZ-SANCHEZ (NJ BAR NO. 018792008)**
**SCOTT C. SILVERMAN (NJ BAR NO. 137112015)**
**LITTLER MENDELSON**
A Professional Corporation
290 Broadhollow Road, Suite 305
Melville, New York 11747
631-247-4713
Attorneys for Defendant
   United Parcel Service, Inc.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL PERRY,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, JOHN DOE 1-10, ABC CORP. 1-10,<br><br>              Defendants. | Civil Action No.  2:21-11028<br><br>**NOTICE OF REMOVAL**<br>**(Diversity)**<br><br>*Electronically Filed* |

**TO:**   THE CLERK AND HONORABLE JUDGES
        OF THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW JERSEY

      Defendant United Parcel Service, Inc., improperly named as "United Parcel Service" ("UPS" or "Defendant") files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Morris County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

## STATE COURT ACTION

1. Plaintiff Samuel Perry ("Plaintiff") commenced this action on March 29, 2021, by filing a Complaint in the Superior Court of New Jersey, Law Division, Morris County, bearing Docket No. MRS-L-000677-21 (the "State Court Action").

2. On April 14, 2021, UPS received a copy of the State Court Action Complaint, as well as the Directory of Superior Court Deputy Clerk's Offices, and the Civil Case Information Statement.

3. The aforementioned documents constitute all "process, pleadings and orders" served upon UPS in the State Court Action. A copy of the Summons and Complaint is attached as Exhibit A.

## TIMELINESS OF REMOVAL

4. This Notice of Removal is being timely filed within thirty (30) days from the date UPS received a copy of the Summons and Complaint pursuant to 28 U.S.C. § 1446(b) and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure.

5. This Notice of Removal is also filed within one year of the commencement of the State Court Action and therefore is timely under 28 U.S.C. § 1446(c)(l).

## DIVERSITY JURISDICTION

6. The United States District Court for the District of New Jersey has diversity jurisdiction in this case based on 28 U.S.C. §§ 110 & 1332. Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. 28 U.S.C. § 1332 (a)(1). As explained below, both of these requirements have been met.

    A.    **<u>Citizens of Different States</u>**

7. At the time of filing of the Complaint and at the time of removal, Plaintiff purports to be a resident of Delaware. *See* Exhibit A, Compl. at p. 1.

8. At the time of filing of the Complaint and at the time of removal, UPS is a corporation. For diversity jurisdiction purposes, a corporation such as UPS is deemed a citizen of its State of incorporation and the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (internal citations omitted).

9. UPS is, and was at the time Plaintiff filed the Complaint in state court, incorporated in the State of Ohio, with its corporate headquarters in the State of Georgia.

10. With regard to Defendants "JOHN DOE 1-10" and "ABC CORP. 1-10," "[i]t is generally true that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). The Third Circuit has taken this to mean that "John Doe" defendants do not bar removal for diversity, unless the complaint contains allegations that identify those John Doe defendants to some extent. *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29-30 (3d Cir.1985)." Here, there are no allegations that identify "John Doe 1-10" or "ABC Corp. 1-10." Thus, those Doe Defendants should be disregarded for purposes of removal.

11. Consequently, complete diversity exists now and at the time the State Court Action was filed because Plaintiff and UPS are citizens of different states.

**B.** **Amount in Controversy is Met**

12. The matter in controversy in the State Court Action exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a).

13. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Kendall v. CubeSmart L.P.*, No. 15-6098 (FLW)(LHG), 2015 WL 7306679, at *2 (Nov. 19, 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). "Thus, the grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)." *Id.* (citing *Dart Cherokee*, 574 U.S. at 87). No evidentiary support is required, and the Court should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court. *Id.* (citing *Dart Cherokee*). When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied. *Id.*

14. Although Plaintiff's Complaint does not specify the precise amount of damages sought, the allegations contained with the Complaint indicate that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs.[1] In the Complaint, Plaintiff brings claims for discrimination, retaliation and hostile work environment under New Jersey's Law Against Discrimination. He also brings a separate claim for punitive damages. *See* Exhibit A, Counts One through Four.

---

[1] UPS does not concede Plaintiff's allegations are true or that his claims have any merit. UPS provides the following only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole, exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).

15. As a result of the allegations in his Complaint, Plaintiff is seeking damages for "personal injury, costs of suit, punitive damages, counsel fees, compensatory damages, loss of earnings, benefits, back pay, costs and for other prospective damages . . . ." *Id.* at Wherefore Clauses for Counts One through Three.

16. As noted above, Plaintiff seeks punitive damages and attorney's fees. *See* Exhibit A, Count Four & Wherefore Clauses for Counts One through Four. Punitive damages and attorney's fees are aggregated when calculating the amount in controversy for purposes of removal. *Hoffman v. Pharmacare US, Inc.*, No. 17–3540 (CCC), 2017 WL 6758444, at *3 (D.N.J. Dec. 14, 2017). Indeed, *even on its own*, "a request for punitive damages will generally satisfy the amount in controversy requirement[.]" *Raspa v. Home Depot*, 533 F. Supp.2d 514, 522 (D.N.J. 2007).

17. Plaintiff also seeks damages for personal injury in an unspecified amount. *See* Exhibit A, Wherefore Clauses for Counts One through Three. "[M]ost removed personal injury cases will likely remain in federal court even if they involve a very minor injury—unless the plaintiff limits h[is] damages below the jurisdictional limit." *Fields v. Zubkov*, No. 08-2016, 2008 WL 4447098, at *4 (D.N.J. Sept. 26, 2008); *see also Dugan v. Acme Markets, Inc.*, No. 15-5267 (RBK-KMW), 2016 WL 266350, at *3 (D.N.J. Jan. 21, 2016 (quoting *Fields*); *Briggs v. Target Corp.*, No. 14-7165, 2015 WL 1145127, at *4 (D.N.J. Mar. 13, 2015); *Clark v. J.C. Penney*, No. 08-4083, 2009 WL 1564175, at *3-4 (D.N.J. Jun. 1, 2009). Courts will seldom remand a personal injury claim absent a waiver by the plaintiff capping damages at $75,000. *Avant v. J.C. Penney*, No. 07–1997, 2007 WL 1791621, at *2 (D.N.J. June 19, 2007).

18. In light of the above damage claims, including loss of earnings, personal injury, compensatory damages, punitive damages, and attorney's fees, UPS has made more than "a

plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Kendall*, 2015 WL 7306679, at *2. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## VENUE

19. The United States District Court for the District of New Jersey is the District Court of the United States within which Plaintiff's state court action is currently pending.

20. The Notice of Removal is being filed in the United States District Court for the District of New Jersey within 30 days of the date upon which UPS was served with the Summons and Complaint, as required by 28 U.S.C. § 1446. Promptly after the Notice of Removal, written notice of removal shall be filed with the Clerk of the New Jersey Superior Court, Law Division, Morris County as required by 28 U.S.C. § 1446(d).

## NOTICE TO PLAINTIFF

21. Promptly after filing the Notice of Removal, written notice of this removal shall be given to Plaintiff's counsel, Fernando Iamurri, of Fernando Iamurri, P.C., pursuant to 28 U.S.C. § 1446(d).

22. By filing the Notice of Removal, UPS does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. UPS intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

23. If the Court should be inclined to remand this action, UPS requests that the Court issue an Order to Show Cause why the case should not be remanded, providing UPS an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

24. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

### RELIEF REQUESTED

25. UPS requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, UPS respectfully requests that this action proceed in this Court as an action properly removed to it.

Dated: May 10, 2021

**LITTLER MENDELSON, P.C.**
Attorneys for UPS
290 Broadhollow Road, Suite 305
Melville, New York 11747
631-247-4713
dsgomez@littler.com

/s/ *Daniel Gomez-Sanchez*
Daniel Gomez-Sanchez

4812-0201-1367.1 / 110830-1019