FERNANDO IAMURRI, PC
**289 STUYVESANT AVE.**
**LYNDHURST, NEW JERSEY 07071**
**(201) 438-0007**
**Attorneys for Plaintiff**
**Samuel Perry**
**BAR ID# 033941987**

|  |  |
|---|---|
| **SAMUEL PERRY** | **: UNITED STATES DISTRICT COURT** |
|  | **:   DISTRICT OF NEW JERSEY** |
|  | : |
|  | : |
| **Plaintiff(s)** | : |
|  | : |
| **v.** | **: Civil Action No. 2:21-cv-11028-** |
|  | **:        JXN-AME** |
| **UNITED PARCEL SERVICE,** | **;** |
| **JOHN DOE 1-10, ABC CORP. 1-10** | : |
|  | : |
|  | **:   AMENDED   COMPLAINT** |
|  | : |
| **Defendant(s).** | : |
|  | : |
|  | : |
|  | : |

## JURISDICTION AND VENUE

1. Jurisdiction is properly vested in this Court pursuant to 28 U.S.C. § § 100 & 1332. Diversity Jurisdiction exists when the amount in controversy exceeds $75, 000, exclusive of interests and costs, and the dispute is between citizens of different states 28 U.S.C. § 1332. (a) (1) . As explained below, both of these requirements have been met.

2. Plaintiff **Samuel Perry,** resides at 141 Time Circle Bear, DE 19701 as such he is a citizen of the State of Delaware.

1

3. Defendant UPS is a Corporation. For diversity jurisdiction purposes, a corporation is deemed a citizen of its State of incorporation and the state where it has its principal place of business, see 28 U.S.C. § 1332 ( c ) (1).

4. Defendant UPS is incorporated in the State of Ohio, with its corporate headquarters in the State of Georgia.

5. With regard to Defendants JOHN DOE 1-10, ABC CORP. 1-10, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441 (a).

6. The amount in controversy exceeds the sum or value of $75,000.00 28 U.S.C. § 1332 (a).

7. The United States District Court for the District of New Jersey is the District of Court of the United States within which the Plaintiff's state court action was commenced and removed by Defendant UPS to the United States District Court for the District of New Jersey.

## FACTS COMMON TO ALL COUNTS

1. Plaintiff Samuel Perry (hereinafter Perry) was hired on or about November 2005 by Defendant United Parcel Service (hereinafter UPS) at their location at 799 Jefferson Rd. Parsippany-Troy Hills, NJ 07054.

2. Plaintiff Samuel Perry (Perry) was hired on or about November 2005 by Defendant United Parcel Service to work as a truck driver.

3. Defendants, United Parcel Service (UPS) is a corporation licensed to do business in New Jersey. The principal offices of United Parcel Service involved in this complaint are

Saddle Brook, 280 N Midland Ave, Saddle Brook, NJ 07663, 518 Old Post Rd Ste 7,

Edison, NJ 08817and Parsippany 799 Jefferson Rd, Parsippany-Troy Hills, NJ 07054.

4. Throughout his employment with Defendants, Mr. Perry has suffered sustained and repeated harassment from supervisory personnel. Further, Defendant's managers and supervisory personnel have created a hostile work environment for the Plaintiff. The actions of Defendant's managers and supervisory personnel have often-times been in retaliation for protected activities engaged in by Perry such as reporting the harassment, etc. through the filing of grievances. Also, the grievances have been ignored and postponed for many months as further harassment of Perry. Although the grievances were resolved in Perry's favor, the actions which led to the grievances have continued unabated. Throughout all of this Perry has maintained an excellent work record under these horrible circumstances. It should be noted that many of these actions of the Defendants have been on-going since 2008 especially from Bryan Jones, Myrna Benitez and upper management.

5. By way of background, on or about July 20, 2017 Perry filed a grievance against Sean McNeil for preventing his transfer by discrediting Perry's job performance. On or about July 20, 2017 Perry was served with a notice of termination by McNeil for allegedly stealing company time. This occurred in the Edison district of UPS. Earlier, Perry had left this district and moved to the Parsippany district just to get away from McNeil. Perry had purchased a home in Delaware in 2016 and then transferred to the Edison district in 2017. Perry passed up the Cranbury and Trenton districts, closer to his new home, because McNeil was manager at those districts. The alleged theft of time was for washing his truck. The real reason learned by Perry was that Perry had filed a corporate complaint and this was McNeil's method of retaliating. He also used this alleged violation to prevent

3

Perry from transferring away from him. That grievance # 111242 was not resolved until January 24, 2018. The grievance was resolved. Perry is an African American. Caucasian or White drivers who had filed grievances were not prevented from transferring to different districts.

6. Further, on or about July 20, 2017 Perry filed a grievance against Sean McNeil for being disrespectful and intimidating to Perry. On or about July 20, 2017 Perry heard McNeil say to a dispatcher that Perry was not to be given any overtime. Perry was entitled to overtime because of his seniority. None of the other drivers were singled out to prevent them from earning overtime. This happened twice. The first time Perry was on phone with dispatch and he heard McNeil tell the dispatcher no overtime for Perry. The same thing happened about a week later when Perry was on the phone with another dispatcher. White drivers junior to Perry were getting overtime. Perry was told that junior drivers were getting overtime by shop steward Gross. When the shop steward complained, Perry was allowed to get overtime but only after working 6 or 7 days when all the other drivers were able to earn overtime on a 5 day schedule. That grievance # 111243 was not resolved until January 24, 2018. The grievance was resolved.

7. On or about August 9, 2017 Perry filed a grievance against Sean McNeil for attempted blackmail, attempted bribery, retaliation and harassment of Perry. On or about August 9, 2017 Perry was approached by McNeil who told Perry he would approve Perry's transfer request, heretofore purposefully delayed, as long as Perry would withdraw/recant his corporate complaints against McNeil. This conversation was held in front of shop steward Gross.. This occurred in the Edison district. That grievance # 111274 was not resolved

4

until January 24, 2018. The grievance was resolved with McNeil agreeing to transfer Perry.

8. On or about October 5, 2018 Perry filed a grievance against UPS Management for failure to respond to his transfer request that was made on August 21, 2018 and also for violating his seniority regarding sleeper teams. On or about October 5, 2018 Perry was denied a transfer to the Meadowlands District that had sleeper teams. Sleeper teams meant driving to one location and from there doing all of the routes. That would have lessened his travel expenses to and from home. It would also have afforded him better pay since he would be paid by mileage which was not the case for Perry at that time. His transfer was purposefully delayed until the sleeper team positions were all taken. That grievance # 136914 was not resolved until May 27, 2020. The resolution was that UPS would follow up utilizing the Collective Bargaining Agreement language regarding transfers.

9. On or about October 5, 2018 Perry filed a grievance against UPS Management for failure to respond to his Feeder to Feeder transfer so as to prevent Perry from bidding for a sleeper team position. On or about October 5, 2018 Perry was denied a transfer to the Meadowlands District that had sleeper teams. Sleeper teams meant driving to one location and from there doing all of the routes. That would have lessened his travel expenses to and from home. It would also have afforded him better pay since he would be paid by mileage which was not the case for Perry at that time. His transfer was purposefully delayed until the sleeper team positions were all taken. That grievance # 136915 was not resolved until May 27, 2020. The resolution was that the grievance would be withdrawn with grievant's rights maintained.

10. On or about June 17, 2018 Perry filed a grievance against Erin Robinson (UPS Employee-Supervisor) for violating Perry's seniority rights, harassment and retaliation. On or about June 17, 2018 Perry showed up for work to earn overtime. He was told to use a shifter to move items around the facility lot. The shifters had no air conditioning. All of the other drivers were allowed to use their tractors for this work because the tractors had air conditioning. This was done despite Perry having seniority over the other drivers. When Perry complained to Robinson she forced all the drivers (who naturally blamed Perry) to use shifters instead of their tractors. That grievance # 135383 was not resolved until May 27, 2020. The resolution was that the parties would review the UPS code of conduct and anti-harassment policy with management.

11. On or about August 15, 2018 Perry filed a grievance against Rob Keller (UPS Supervisor) for creating a hostile work environment, harassment. On or about August 15, 2018 Perry was working out of the Parsippany district. One of the drivers (a Caucasian) from the Cranbury building of UPS broke down on the road. They singled out Perry by taking away Perry's tractor and gave it to the driver that had broken down. The next day when Perry showed up for work, there was no tractor for him. He was sent to Cranbury to pick up his tractor. When he arrived there, Keller ordered Perry to return to Parsippany using the truck that had broken down for the other driver the day before. When Perry called a Supervisor named Denise, she told him to disregard Keller and take back his own tractor putting Perry in an awkward position between the two supervisors. That grievance # 94365 was not resolved until May 27, 2020. The resolution was that the parties would review the UPS code of conduct and anti-harassment policy with management. No White drivers had their trucks taken from them in this manner.

6

12. On or about September 20, 2018 Perry filed a grievance against Myrna Benitez (UPS Supervisor) for violating Perry's seniority rights, harassment and retaliation. On or about September 20, 2018 Perry successfully bid for a route that had multiple legs. Benitez parceled out some of the legs to other drivers (White) in violation of Perry's seniority rights. She was retaliating against him from previous grievance Perry filed against her. Benitez did not parcel out legs of multi-legged routes bid upon by other drivers. That grievance # 126661 was not resolved until May 27, 2020. The resolution was that the parties would review the UPS code of conduct and anti-harassment policy with management.

13. On or about November 8, 2018 Perry filed a grievance against Myrna Benitez (UPS Supervisor) for harassment and retaliation for previous grievances. On or about November 8, 2018 Benitez told Perry she was giving him older tractors because he was smoking in them. He was not smoking in the tractors. Benitez did not do this to any other driver. The other drivers under her supervision were Caucasian. Benitez singled out Perry as the only African American driver she was supervising. Benitez was aware that Perry had a serious back surgery and when Perry complained about the older tractors hurting his back, Benitez replied no other tractors were available. That grievance # 126683 was not resolved until May 27, 2020. The resolution was that the parties would review the UPS code of conduct and anti-harassment policy with management.

14. On or about November 8, 2018 Perry filed a grievance against Myrna Benitez (UPS Employee-Supervisor) for harassment and retaliation. On or about November 8, 2018 Benitez told Perry she was giving him older tractors because he was smoking in them. He was not smoking in the tractors. Benitez did not do this to any other driver. The other

7

drivers under her supervision were Caucasian. Benitez singled out Perry as the only African American driver she was supervising. Benitez was aware that Perry had a serious back surgery and when Perry complained about the older tractors hurting his back, Benitez replied no other tractors were available. That grievance # 126685 was not resolved until May 27, 2020. The resolution was that the parties would review the UPS code of conduct and anti-harassment policy with management.

15. On or about November 8, 2018 Perry filed a grievance against Myrna Benitez (UPS Employee-Supervisor) for discrimination and harassment. On or about November 8, 2018 Benitez told Perry she was giving him older tractors because he was smoking in them. He was not smoking in the tractors. Benitez did not do this to any other driver. The other drivers under her supervision were Caucasian. Benitez singled out Perry as the only African American driver she was supervising. Benitez was aware that Perry had a serious back surgery and when Perry complained about the older tractors hurting his back, Benitez replied no other tractors were available. That grievance # 126686 was not resolved until May 27, 2020. The resolution was that the parties would review the UPS code of conduct and anti-harassment policy with management

16. On or about February 12, 2019 Perry filed a grievance against Joe McDowell (Manager) and Kevin Satando (UPS Employee-Supervisor) for violating UPS policies regarding work-related injuries. On or about February 12, 2019 Perry fell down at work and was injured. He reported this to McDowell (Caucasian) who said "Are you sure you don't have the flue?". Satando said he would drive Perry to the Hospital but despite Perry being in obvious pain, Satando forced Perry to walk 100 yards to a car. Satando was questioning Perry about how he fell and taking notes while taking him to the hospital. That grievance #

126736 was not resolved until May 27, 2020. The resolution was that the parties would review the UPS code of conduct and anti-harassment policy with management and set up an "IEP" with the management team. White drivers who had been injured on the job were not mocked. White drivers injured on the job were not questioned in a manner suggestive that the injuries were fake. White drivers who suffered injuries on the job were not treated in a manner that would make their injuries worse or in a manner to increase their suffering.

17. On or about February 12, 2019 Perry filed a grievance against Kevin Satando (UPS Employee-Supervisor) for harassment, discrimination and violating UPS policies regarding work-related injuries. On or about February 12, 2019 Perry fell down at work and was injured. He reported this to McDowell who said "Are you sure you don't have the flue?". Satando said he would drive Perry to the Hospital but despite Perry being in obvious pain, Satando forced Perry to walk 100 yards to a car. Perry was questioning Perry about how he fell and taking notes while taking him to the hospital. That grievance # 126737 was not resolved until May 27, 2020. The resolution was that the parties would review the UPS code of conduct and anti-harassment policy with management and set up an "IEP" with the management team. White drivers who had been injured on the job were not mocked. White drivers injured on the job were not questioned in a manner suggestive that the injuries were fake. White drivers who suffered injuries on the job were not treated in a manner that would make their injuries worse or in a manner to increase their suffering.

## ACTIONABLE COUNTS

18. On or about March 4, 2020 Perry filed a grievance against Management and Myrna Benitez (UPS Supervisor) for continuing harassment. Benitez kept assigning Perry old tractors that were in poor condition. She claimed it was because he was smoking in the tractors. One of the tractors in poor condition broke down. Perry was the only African American she was supervising. The other drivers under her supervision were White. The White drivers were not assigned old tractors. That grievance # 150653 was not resolved until May 27, 2020. The resolution was that Myrna Benitez would follow the assigned tractor list.

19. On or about March 4, 2020 Perry filed a grievance against Management for unpaid wages. Benitez (Latino) kept assigning Perry old tractors that were in poor condition. She claimed it was because he was smoking in the tractors. One of the tractors in poor condition broke down. Perry was not paid. After fighting it, he was paid but no overtime was paid and Perry would have earned time and a half for overtime that day. That grievance # 150652 was not resolved until May 27, 2020. The resolution was that Perry was paid for 8 hours of work.

20. On or about March 20, 2020 Perry filed a grievance against Bryan Jones (Manager) and Myrna Benitez (UPS Supervisor) for creating a hostile work environment. Jones (Caucasian) told Perry to take whatever tractor is assigned to Perry. Jones angrily and loudly said Perry had to do what he was told or to go home. This was said in front of the shop steward, Takata and Benitez. This was after Perry had filed a corporate Complaint since his grievances were being ignored. That grievance # 150658 was not resolved until May 27, 2020. The resolution was that the parties would treat each other with dignity and respect. Also, the parties would abide by Article 37.

10

21. On or about March 20, 2020 Perry filed a grievance against Bryan Jones (Manager) and Myrna Benitez (Supervisor) for bullying him. Jones threatened and demeaned Perry by loudly and angrily telling Perry to take whatever tractor is assigned to Perry. Jones threatened Perry that he had had to do what he was told or to go home. This was said in front of the shop steward, Takata and Benitiz. This was after Perry had filed a corporate Complaint since his grievances were being ignored. That grievance # 150659 was not resolved until May 27, 2020. The resolution was that the parties would treat each other with dignity and respect. Also, the parties would abide by Article 37.

22. On or about March 20, 2020 Perry filed a grievance against Bryan Jones (Manager) and Myrna Benitez (UPS Employee-Supervisor) for using their supervisory authority to inflict bodily harm on Perry. Jones told Perry to take whatever tractor is assigned to Perry. Jones said Perry had to do what he was told or to go home. This was said in front of the shop steward, Takata. This was after Perry had filed a corporate Complaint since his grievances were being ignored. Perry was forced to use an old tractor with poor suspension causing him severe back pain. Perry had a significant back surgery that Jones was aware of. That grievance # 150660 was not resolved until May 27, 2020. The resolution was that the parties would treat each other with dignity and respect. Also, the parties would abide by Article 37.

23. On or about March 20, 2020 Perry filed a grievance against Bryan Jones (Manager) and Myrna Benitez (UPS Supervisor) for disparate treatment and harassment. This was caused by Perry working on the "spare list". Perry was told he could not smoke in any tractor (Perry had stopped smoking two years earlier) he was given to use by Benitez. However, Perry saw the white drivers smoking in their tractors and Perry learned that the white

11

drivers were not told that they were prohibited from smoking in the tractors furnished by UPS for their use. That grievance # 150661 was not resolved until May 27, 2020. The resolution was that the parties would treat each other with dignity and respect. Also, the parties would abide by Article 37.

24. On or about March 20, 2020 Perry filed a grievance against Bryan Jones (Manager) and Myrna Benitez (UPS Supervisor) for disparate treatment and harassment. This was caused by Perry working on the "spare list". Perry was told he could not smoke in any tractor he was given to use. by Benitez. However, Perry saw the white drivers smoking in their tractors and Perry learned that the white drivers were not told that they were prohibited from smoking in the tractors furnished by UPS for their use. On or about March 20, 2020 Perry filed a grievance against Bryan Jones (Manager) for aiding Myrna Benitez in harassing Perry--he also told Perry that Perry could not smoke in any tractor-- and in creating a hostile work environment for Perry. That grievance # 150664 was not resolved until May 27, 2020. The resolution was that the parties would treat each other with dignity and respect. Also, the parties would abide by Article 37.

25. In or about March of 2020 Perry was being assigned a different tractor each day. This was at the beginning of the pandemic when there were many unanswered question about the illness. This caused Perry great stress and made him fearful. This was done by management to retaliate against Perry for previous grievances that Perry had filed against them. On or about March 26, 2020 Perry filed a grievance against Bryan Jones (Manager), Carmine Furman (Manager) and Daniel Jones (UPS Supervisor) for harassing Perry and for putting Perry's family's lives in danger. This was because Jones kept switching tractors on Perry knowing what problems that would cause Perry in terms of Covid

exposure. Caucasian drivers were not treated in this manner. That grievance # 150669 was not resolved until May 27, 2020. The resolution was that the company will review and follow the assigned tractor list.

26. On or about April 26, 2020 Perry asked for cleaning equipment to use on his tractor. He was told they had none other4 than a pair of ill fitting rubber gloves. This was done during a time when Perry was working as a "spare driver". That meant he might be using different tractors. However, the other "spare drivers" were all allowed to use the same truck each day they worked as "spare drivers". This meant that Perry was the only "spare driver" who was forced to sanitize his given tractor every day and then to add insult to injury defendants withheld cleaning su0pplies during the pandemic. On or about April 26, 2020 Perry filed a grievance against Bryan Jones (Manager), Carmine Furman (Manager) and Daniel Jones (UPS Employee-Supervisor) for violating company policy by withholding cleaning equipment during pandemic. That grievance # 150670 was not resolved until May 27, 2020. The resolution was that the grievance was withdrawn and the grievant maintained his rights.

27. On or about April 26, 2020 Perry was given a written warning for locking the tractor keys in his assigned tractor. Perry had been told to leave his keys in his tractor. Perry was told he was not allowed to go get his keys from the office where they were usually kept. This warning was given to Perry because manager Bryan Jones tried to assign Perry's tractor to another driver and was not able to give the other driver the keys. The warning was issued, not because Perry failed to follow instructions; rather it was issued because by following instructions Perry unknowingly prevented management from assigning his assigned tractor to another driver. On or about April 26, 2020 Perry filed a grievance against Bryan Jones

(Manager), Carmine Furman (Manager) and Daniel Jones (Supervisor) for harassing, retaliating against him and creating a hostile work environment for Perry. That grievance # 150671 was not resolved until May 27, 2020. The resolution was that the grievance was withdrawn and the grievant maintained his rights.

28. On or about May 20, 2020 Satando took away Perry's assigned tractor. Perry was assigned a beat up old tractor by Satando Perry was forced to fully sanitize it as he had no knowledge of when it was last sanitized nor any knowledge of who used the tractor. This was done in retaliation by Satando. Satando was retaliating for previous grievances filed against him by Perry. Forcing Perry to use the older tractor was done to make Perry feel uncomfortable and unsafe. On or about May 20, 2020 Perry filed a grievance against Kevin Satando (UPS Supervisor) who advised Perry that Satando had made a managerial decision. On or about May 20, 2020 Perry for disparate treatment endangering Perry and his family. That grievance # 150680 was not resolved until May 27, 2020. The resolution was that the company will review and follow the assigned tractor list.

29. On or about May 20, 2020 Satando took away Perry's assigned tractor. Perry was assigned a beat up old tractor by Satando Perry was forced to fully sanitize it as he had no knowledge of when it was last sanitized nor any knowledge of who used the tractor. This was done by Satando only to Perry. None of the other drivers had their assigned tractors taken away. In addition to treating Perry disparately, Satando did this to bully Perry. On or about May 20, 2020 Perry filed a grievance against Kevin Satando (UPS Employee-Supervisor) for disparate treatment, discrimination and bullying Perry. That grievance # 150720 was not resolved until May 27, 2020. The resolution was that the company will review and follow the assigned tractor list.

30. On or about May 20, 2020 Defendants took away Perry's assigned tractor. Perry was assigned a beat up old tractor by Satando. Perry was forced to fully sanitize it as he had no knowledge of when it was last sanitized nor any knowledge of who used the tractor. This was done by Satando only to Perry. None of the other drivers had their assigned tractors taken away. In addition to treating Perry disparately, Satando did this to make Perry's working environment uncomfortable and hostile to Perry. On or about May 20, 2020 Perry filed a grievance against Kevin Satando (UPS Employee-Supervisor) for using company equipment to retaliate against Perry and create a hostile work environment. That grievance # 150721 was not resolved until May 27, 2020. The resolution was that the company will review and follow the assigned tractor list.

31. In addition to several other, unresolved grievances and an unresolved corporate complaint filed by Perry because the same behaviors set forth above have continued unabated, on or about March 31, 2021Perry filed grievance # 171804. During the grievance hearing Manager Jones alleged that Perry had shouted at supervisor Benitez over the years. Yet, no report of this alleged behavior was ever produced by anyone. Further, Benitez stated "I feel threatened by him" about Perry. "I do not feel safe serving him" . She gave that as an explanation for walking away from Perry whenever he came to the office to get his keys etc. When Perry responded "That is a bias procedure" Benitez responded "See what I mean". Benitez never complained about any threats from Perry nor any intimidating behavior from Perry. It is clear that she was expressing her bias towards Perry as an African American male. If another reason existed for her comments she should have produced evidence. What was she afraid of? Was it Perry's hair? Was it something else about Perry that was inherently scary? Innate racism based upon stereotypes is not

evidence and that innate racism is the only logical explanation for her comments and that

explains her behavior and that of Jones towards Perry.

## COUNT ONE

### LAD DISCRIMINATION

32. Plaintiff repeats and re-alleges all of the statements made in Facts Common to All Counts

of the Complaint as though fully set forth herein.

33. Plaintiff incorporates all of the facts in common to all counts herein as though fully set

forth herein.

34. Plaintiff Samuel Perry (hereinafter Perry) was hired on or about November 2005 by

Defendant United Parcel Service (hereinafter UPS) at their location at 799 Jefferson Rd,

Parsippany-Troy Hills, NJ 07054.

35. Plaintiff Samuel Perry (Perry) was hired on or about November 2005 by Defendant United

Parcel Service to work as a truck driver.

36. Plaintiff is qualified to work as a truck driver as is evident by the fact that he was hired

and worked for years for Defendants in that capacity.

37. Defendants, unlawfully discriminated against Plaintiff because of his race in violation of

the New Jersey Law Against Discrimination.

38. Plaintiff is a member of a protected class.

39. Defendants' treatment of Plaintiff at his employment was discriminatory in that he was

forced to endure disparate treatment with respect to: his seniority rights; his right to bid

on jobs; his right to seek transfers; his right to be free from harassment; his right to be free

from a hostile work environment; his right to be protected from exposure to the Covid-19

in the assignments of trucks for his usage; his right to be free from the exposure to Covid-19 in the provision of personal protective equipment and cleaning supplies;

40. As a result of the forgoing Plaintiff has been harmed and will continue to harmed.

WHEREFORE, Plaintiffs demands judgment against defendants and severally for discrimination based upon race in violation of the New Jersey Law Against Discrimination, personal injury, costs of suit, punitive damages, counsel fees, compensatory damages, loss of earnings, benefits, back pay, costs and for other prospective damages in an amount to be determined at the time of trial and any other relief, which the Court deems appropriate and just.

## COUNT TWO

## LAD RETALIATION

41. Plaintiff repeats and re-alleges all of the statements made in Count One of the Complaint as though fully set forth herein.

42. Plaintiff incorporates all of the facts in common to all counts herein as though fully set forth herein.

43. Plaintiff engaged in the protected activity of filing numerous grievances against Defendants.

44. Defendant's supervisory personnel have continued the same harassing conduct that was the subject of the grievances in retaliation for protected activities engaged in by Perry such as reporting the harassment, etc. through the filing of grievances.

45. Also, the grievances have been ignored and postponed for many months as further harassment of Perry.

46. Although the grievances were resolved in Perry's favor, the actions which led to the grievances have continued unabated.

47. As a result of the forgoing Plaintiff has been harmed and will continue to harmed.

WHEREFORE, Plaintiffs demands judgment against defendants for Retaliation for engaging in protected activities in violation of New Jersey law and the New Jersey Law Against Discrimination, personal injury, costs of suit, punitive damages, counsel fees, compensatory damages, loss of earnings, benefits, back pay, costs and for other prospective damages in an amount to be determined at the time of trial and any other relief, which the Court deems appropriate and just.

## COUNT THREE
## LAD HOSTILE WORK ENVIRONMENT

48. Plaintiff repeats and re-alleges all of the statements made in Count One through Two of the Complaint as though fully set forth herein.

49. Plaintiff incorporates all of the facts in common to all counts herein as though fully set forth herein.

50. Plaintiff was subjected to a repeated and constant hostile work environment.

51. Many forms of the hostile work environment are detailed in the facts in Common to all Counts.

52. This conduct only occurred because Plaintiff is a African American and because he engaged in protected activities.

53. This conduct was severe and pervasive as can be seen in the facts in Common to All Counts.

18

54. Plaintiff complained on multiple occasions both verbally and by filing grievances to the Defendant's management and not only did they negligently allow the hostile work environment to continue but they retaliated against Perry.

55. As a result of the forgoing Plaintiff has been harmed and will continue to harmed.

WHEREFORE, Plaintiffs demands judgment against defendants for a hostile work environment personal injury, costs of suit, punitive damages, counsel fees, compensatory damages, loss of earnings, benefits, back pay, costs and for other prospective damages in an amount to be determined at the time of trial and any other relief, which the Court deems appropriate and just.

### COUNT FOUR
### LAD PUNITIVE DAMAGES

56. Plaintiff repeats and re-alleges all of the statements made in Count One through Three of the Complaint as though fully set forth herein.

57. Plaintiff incorporates all of the facts in common to all counts herein as though fully set forth herein.

58. Plaintiff was subjected to repeated and constant harassment by Defendants supervisory personnel and this was permitted with the clear knowledge of upper management.

59. This conduct was especially egregious as can be seen in the Facts in Common to All Counts.

60. Defendant's conduct was done with a willful and wanton disregard of the rights of the Plaintiff.

61. Defendant engaged in intentional wrongdoing in the sense of an evil-minded act designed, intended and done with knowledge of a high degree of probability of harm to the Plaintiff, and reckless indifference to the consequences of that act.

62. Plaintiff complained on multiple occasions to the Defendant and not only did they allow the harassment to continue but they retaliated against him.

63. Defendant acted with willful indifference because they knew about the wrongful conduct, but chose to disregard or ignore it rather than stop it.  In fact instead of punishing the management and supervisory personnel, Defendant has punished Plaintiff.

64. As a result of the forgoing Plaintiff has been harmed and will continue to harmed.

WHEREFORE, Plaintiffs demands judgment against defendants for costs of suit, punitive damages, counsel fees, compensatory damages, loss of earnings, benefits, back pay, costs and for other prospective damages in an amount to be determined at the time of trial and any other relief, which the Court deems appropriate and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

Fernando Iamurri, Esq., is hereby designated as trial counsel for Plaintiff, Samuel Perry in this matter.

## CERTIFICATION OF NO OTHER PENDING ACTION

The undersigned hereby certifies that at the time of filing this complaint, the matter in controversy is not the subject of any other action pending in any Court and/or arbitration

proceeding. I further certify that I am unaware of any other party who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements is willfully false, I am subject to punishment.

**FERNANDO IAMURRI, P.C.**

FERNANDO IAMURRI, ESQ.
Attorney for Plaintiff, Samuel Perry

Dated: August 18, 2021