Daniel Gomez-Sanchez (NJ Bar No. 018792008)
Scott C. Silverman (NJ Bar No. 137112015)
**LITTLER MENDELSON**
A Professional Corporation
290 Broadhollow Road, Suite 305
Melville, New York 11747
631-247-4700
Attorneys for Defendant
  United Parcel Service, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL PERRY,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, JOHN DOE 1-10, ABC CORP. 1-10,<br><br>                Defendants. | Civil Action No. 2:21-CV-11028-JXN-AME<br><br>**Motion Date: November 15, 2021** |

### REPLY BRIEF IN FURTHER SUPPORT OF
### DEFENDANT'S MOTION TO DISMISS
### THE AMENDED COMPLAINT

*On the Brief*:
    Daniel Gomez-Sanchez, Esq.
    Scott C. Silverman, Esq.

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ...................................................................................1

LEGAL ARGUMENT

POINT I
Plaintiff's Claims Are Preempted by Section 301 of the LMRA ..............................2

POINT II
The "Continuing Violation" Doctrine Does Not Extend the Limitations
Period for Plaintiff's Claims. ....................................................................................4

POINT III
Plaintiff Still Fails to Plead a Plausible Discrimination, Hostile Work
Environment, or Retaliation Claim under the LAD..................................................7

  A. Plaintiff Has Failed to State a Claim for Discrimination Under
    the LAD ..........................................................................................7

  B. Plaintiff Has Failed to State a Claim for Retaliation Under the
    LAD ..............................................................................................10

  C. Plaintiff Has Failed to State a Hostile Work Environment Claim .....10

POINT IV
Plaintiff Assents to Dismissal of His Cause of Action for Punitive Damages .......12

CONCLUSION.........................................................................................................12

TABLE OF AUTHORITIES

PAGE

**Cases**

*Barone v. Publ. Serv. Elec. & Gas Co.*,
  No. 18-cv-16569-KM-JBC, 2019 WL 3297230 (D.N.J. July 22, 2019) ............................................................................................................... 3

*Betts v. Summit Oaks Hosp.*,
  687 F. App'x 206 (3d Cir. 2017) ................................................................... 7

*Bolinger v. Bell Atlantic*,
  330 N.J. Super. 300 (App. Div. 2000) .......................................................... 5

*Bull v. United Parcel Serv., Inc.*,
  No. 07-2291, 2014 WL 2965696 (D.N.J. July 1, 2014). ............................... 3

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987) ...................................................................................... 2

*DeSantis v. New Jersey Transit*,
  103 F. Supp. 3d 583 (D.N.J. 2015) .............................................................. 11

*Fiorentini v. William Penn Sch. Dist.*,
  665 F. App'x 229 (3d Cir. 2016) ................................................................... 8

*Ashcroft v. Iqbal*,
  556 U.S. 662, 679 (2009) .............................................................................. 8

*Jackson v. Carter*,
  No. 16-8968 (KM) (MAH), 2017 WL 2426862 (D.N.J. June 5, 2017) ............................................................................................................... 9

*O'Connor v. City of Newark*,
  440 F.3d 125 (3d Cir. 2006) ..................................................................... 5, 6

*Ogunbayo v. Hertz Corp.*,
  542 F. App'x 105 (3d Cir. 2013) ................................................................. 10

## TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Powell v. Verizon*,
   No. 19-8418 (KM) (MAH), 2019 WL 4597575 (D.N.J. Sept. 20, 2019) ..................................................................................................9

*Reynolds v. Jersey City Dep't of Pub. Works*,
   No. 2:18-1418, 2019 WL 117976 (D.N.J. Jan. 4, 2019) ......................................9

*Rutledge v. Int'l Longshoreman's Ass'n AFL-CIO*,
   701 F. App'x 156 (3d Cir. 2017) .........................................................................3

*Santiago v. Warminster Twp.*,
   629 F. 3d 121 (3d Cir. 2010) ...............................................................................8

*Shepherd v. Hunterdon Developmental Ctr.*,
   174 N.J. 1 (2002) ..............................................................................................4, 5

*Watkins v. Nabisco Biscuit Co.*,
   224 F. Supp. 2d 852 (D.N.J. 2002) ...................................................................10

*Williams v. The Hershey Co.*,
   No. 20-9394, 2021 WL 1686568 (D.N.J. Apr. 29, 2021) ............................11, 12

*Wilson v. Wal-Mart Stores*,
   158 N.J. 263 (1999) .............................................................................................4

## **PRELIMINARY STATEMENT**

Defendant United Parcel Service, Inc. ("UPS" or "Defendant") submits this Reply brief in further support of its Motion to Dismiss the Amended Complaint of Plaintiff Samuel Perry ("Perry" or "Plaintiff") in its entirety. While Perry relies heavily on this Court's liberal pleadings standard in an effort to save his claims, he still fails to allege facts that would establish any of his causes of action.

Despite the arguments raised in his Opposition to UPS's Motion, Perry's claims under the New Jersey Law Against Discrimination ("the LAD") remain preempted by Section 301 of the Labor Management Relations Act ("LMRA"). Perry cites to several cases where a LAD claim was not preempted by the LMRA, but each is starkly distinguishable serving only as red herrings to distract the Court from the fact that this is truly a collective bargaining case.

Furthermore, even if the Court were to find Perry's LAD claims are not preempted, Perry still fails to point to any allegations that would establish an adverse employment action as a matter of law, as required for his discrimination and retaliation claims. Similarly, Perry fails to allege in a non-conclusory fashion that he engaged in a protected activity under the LAD, as required to maintain his retaliation claim. Perry also fails to state a claim for a hostile work environment as the conduct complained of is neither severe nor pervasive.

Finally, to the extent Perry attempts to argue a "continuing violation" theory to preserve his time-barred allegations arising prior to March 29, 2019, those allegations are discrete events and, thus, the continuing violation doctrine does not apply. For these reasons, set forth in more detail below and in UPS's opening brief, the Court should dismiss Perry's claims as failing to state claims for which relief may be granted.

## LEGAL ARGUMENT

### POINT I

**Plaintiff's Claims Are Preempted by Section 301 of the LMRA.**

As set forth in UPS's Motion to Dismiss, Perry's claims under the LAD are preempted by §301 of the LMRA. 29 U.S.C. §185(a). The Supreme Court has held that §301 preempts state law rules that substantially implicate the meaning of collective bargaining agreement terms. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (section 301 preempts "claims substantially dependent on analysis of a collective-bargaining agreement" (internal quotation omitted)). Here, Perry's race discrimination, harassment and retaliation claims are preempted because the establishment of their *prima facie* case requires the interpretation of multiple terms of the CBA, including those related to seniority, bidding and transfers, and purported improper delays in the grievance process.

In his opposition, Perry points to several cases (each involving claims based on disability discrimination, not race) where the courts declined to find LMRA preemption of LAD claims. (Dkt. No. 17 at 6.) There is, however, a key distinction between those cases and Perry's causes of action: each involved termination or failure-to-hire as the alleged adverse employment action, which required no interpretation of a CBA to assess. In *Rutledge v. Int'l Longshoreman's Ass'n AFL-CIO*, the plaintiff alleged he was denied hiring based on his disability. 701 F. App'x 156, 161-62 (3d Cir. 2017). In *Barone v. Publ. Serv. Elec. & Gas Co.*, and *Bull v. United Parcel Serv., Inc.*, the plaintiffs were terminated following work-related injuries. *Barone*, No. 18-cv-16569-KM-JBC, 2019 WL 3297230, at *5-6 (D.N.J. July 22, 2019); *Bull*, No. 07-2291, 2014 WL 2965696, at *3 (D.N.J. July 1, 2014).

Here, however, Perry's race discrimination and retaliation claims turn on interpreting terms of art under the CBA such a "Seniority['s]" impact on position transfers (Guzman Decl., Ex. A at Art. 45, § 3(g)(1)), as well as UPS's application of its grievance procedure. (Guzman Decl., Ex. B, Art. 14, § 14.1 ). In a failure to hire or discriminatory discharge case, a CBA's terms of art are not relevant to the analysis of any LAD claim. Here, however, the terms of art mentioned above are inextricably intertwined with Perry's allegations. Accordingly, despite his

citations to other circumstances, Perry's claims are preempted by Section 301 of the LMRA and the Amended Complaint should be dismissed in its entirety.

## POINT II

### The "Continuing Violation" Doctrine Does Not Extend the Limitations Period for Plaintiff's Claims.

Perry does not dispute that he filed this action on March 29, 2021, that the LAD has a two-year statute of limitations, or that the multiple allegations UPS enumerates in its opening brief arose outside that two-year window. (Dkt. No. 17 at 13-14.) Instead, in order to salvage his time-barred allegations in support of his discrimination and retaliation claims, Perry pivots to a "continuing violation" argument. (*Id.* at 14.) Alternatively, he contends that these allegations "should be considered as background evidence in support of a timely claim." (*Id.* at 13.)

New Jersey recognizes an exception to the statutory filing period and allows a plaintiff to pursue a discrimination claim if the plaintiff can establish that, if viewed cumulatively, the series of discriminatory or harassing events would establish one continuing violation. *See Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 1 (2002) (*citing Wilson v. Wal-Mart Stores*, 158 N.J. 263 (1999) (stating that New Jersey the continuing violation doctrine and significant number of courts recognize that series of discriminatory events represent single cause of action)). At least one of the acts in the alleged continuing violation must occur

4

within the statutory filing period. *Bolinger v. Bell Atlantic*, 330 N.J. Super. 300 (App. Div. 2000).

In *Shepherd*, *supra*, the Court stated that any court considering whether a particular act could be considered part of a continuing violation for statute of limitations purposes should consider the following:

> [f]irst, have plaintiffs alleged one or more discrete acts of discriminatory conduct by defendants?  If yes, then their cause of action would have accrued on the day on which those individual acts occurred.  Second, have plaintiffs alleged a pattern or series of acts, any one of which may not be actionable as a discrete act, but when viewed cumulatively constitute a hostile work environment?  If yes, then their cause of action would have accrued on the date on which the last act occurred, notwithstanding "that some of the component acts of the hostile work environment [have fallen] outside the statutory time period."

*Shepherd*, *supra*, 174 N.J. at 21 (internal citations omitted).

*Shepherd* makes clear that a discrete act cannot be used as part of a continuing violation theory for the purpose of deciding whether earlier acts that were outside the statute of limitations could be saved as part of a continuous pattern of discrimination.

The issue of whether a discrete act could be aggregated with hostile environment acts under the *Morgan* framework as adopted in *Shepherd* was directly raised in *O'Connor v. City of Newark*, 440 F.3d 125 (3d Cir. 2006).  In that case, the discrete acts alleged by the plaintiff all occurred out of time.  *Id.* at 126-

5

27. However, the plaintiff argued that they should be considered as part of a continuous pattern of hostile acts that continued into the relevant statute of limitations period. *Id.* The Third Circuit rejected this theory in no uncertain terms:

> *Morgan* established a bright-line distinction between discrete acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim. The former must be raised within the applicable limitations period or they will not support a lawsuit. *Id.* at 113 ("Discrete discriminatory acts are not actionable if time- barred; even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act.").

*O'Connor*, *supra*, 440 F.3d at 127.

The *O'Connor* court concluded that the discrete acts alleged in the complaint could not be saved by aggregating them with the continuous pattern of hostile environment acts that allegedly continued into the statute of limitations period:

> [a]pplying the *Morgan* distinction to O'Connor's allegations listed above [, ] it is apparent that nearly all of them fall into the category of discrete acts. Accordingly, under *Morgan*, they cannot be aggregated under a continuing violations theory.

*Id.*

Here, Perry's untimely allegations constitute discrete acts and, therefore, are not saved by the continuing violation doctrine. Particularly, Perry alleges denial of a transfer request and interference with his seniority rights under the CBA. These are the exact type of discrete events that are not susceptible to the application of

the continuing violations doctrine as noted in Shepard. Accordingly, Perry's allegations pre-dating March 29, 2019 should be dismissed from the Amended Complaint as time-barred.

## POINT III

### Plaintiff Still Fails to Plead a Plausible Discrimination, Hostile Work Environment, or Retaliation Claim under the LAD.

**A.     Plaintiff Has Failed to State a Claim for Discrimination Under the LAD**

In its opening brief, UPS also contends that Perry has failed to plead a *prima facie* discrimination claim because he has not alleged that he suffered an "adverse employment action" as a matter of law.  Indeed, Perry is a current UPS employee who has seen no material change to the terms, conditions, compensation, and privileges of his employment as a result of *any* cause.  His conclusory allegations regarding "his seniority rights; his right to bid on jobs; his right to seek transfers; his right to be free from harassment; his right to be free from a hostile work environment; his right to be protected from exposure to Covid-19 in the assignment of trucks for his usage; [and] his right to be free from exposure to Covid-19 in the provision of personal protective equipment and cleaning supplies" (Am. Compl. ¶ 39) do not rise to the level of an "adverse employment action" under the law of this Circuit.  *See Betts v. Summit Oaks Hosp.,* 687 F. App'x 206, 207 (3d Cir. 2017) (assigning plaintiff to different work units more often than other

nurses did not constitute adverse employment action for discrimination claim because it did not affect her title, pay or benefits); *Fiorentini v. William Penn Sch. Dist.*, 665 F. App'x 229, 234 (3d Cir. 2016) (finding lateral transfers or job title changes with no modification in employee's salary or benefits are not adverse actions for discrimination claim).

UPS also argued that Perry failed to sufficiently plead an inference of discriminatory intent – i.e., discrimination **_based on_** his protected class. Instead, Plaintiff attempts to rely upon naked assertions of disparate treatment. However, such threadbare recitals are the exact type of conclusory allegations which are insufficient to state a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Santiago v. Warminster Twp.*, 629 F. 3d 121, 131 (3d Cir. 2010) (affirming District Court's order granting 12(b)(6) motion and stating "we disregard 'naked assertions devoid of further factual enhancement' and 'threadbare recitals of the elements of a cause of action supported by mere conclusory statements'") (internal citations omitted)).

Rather than rebut UPS's arguments, Perry instead attempts to distract with a discourse on Rule 8 and the requirement to plead a short statement of the claim. (Dkt. No. 17 at 10.) He goes on to reference the "monetary injury" and "physical damages" he claims to have suffered due to UPS's conduct and insists that he does not need to plead an adverse employment action because "[t]his is not a motion for

8

summary judgment that is made after discovery is complete, but rather a Rule 12 motion." (*Id.* at 11). Further, Perry wholly ignored UPS's argument regarding his failure to plead an inference of discriminatory intent in his opposition. Nonetheless, he requests the opportunity to amend his complaint yet again if the Court disagrees.

Perry has already amended his Complaint once, and still does not propose any allegations that meet the legal standard for an adverse employment action for the purposes of his discrimination claim. Discovery will not clarify whether his title, pay or benefits changed, or whether his employment was terminated—those facts are known to Perry now, and he has not pleaded any such facts. This Court has regularly dismissed discrimination actions at the Rule 12 stage because the plaintiff simply unable to allege facts that would establish the elements of his claims. It should do so here as well. *See, e.g., Reynolds v. Jersey City Dep't of Pub. Works*, No. 2:18-1418, 2019 WL 117976, at *3 (D.N.J. Jan. 4, 2019) (granting motion to dismiss where plaintiff alleged attempt to remove her from her department, issuance of disciplinary write-up, assignment of overtime hours to another employee and change to job title); *Powell v. Verizon*, No. 19-8418 (KM) (MAH), 2019 WL 4597575, at *6 (D.N.J. Sept. 20, 2019) (granting motion to dismiss where complaint did not allege reduction of plaintiff's compensation or benefits, demotion or promotional opportunities); *Jackson v. Carter*, No. 16-8968

9

(KM) (MAH), 2017 WL 2426862, at *4 (D.N.J. June 5, 2017) (granting motion to dismiss where plaintiff alleged exclusion from business trip and excessive or intrusive performance review). Accordingly, Count Two of the Amended Complaint should be dismissed.

### B. Plaintiff Has Failed to State a Claim for Retaliation Under the LAD

Perry similarly relies on the pleading standard in a fruitless attempt to save his retaliation claim, while failing to acknowledge the ample caselaw in Defendant's opening brief necessitating dismissal of his claim. In addition to failing to allege that he suffered an adverse action (*Watkins v. Nabisco Biscuit Co.*, 224 F. Supp. 2d 852, 871 (D.N.J. 2002)), Perry fails to allege that he engaged in any "protected activity" under the LAD. *Ogunbayo v. Hertz Corp.*, 542 F. App'x 105, 107 (3d Cir. 2013) ("general complaint of unfair treatment" not protected activity under the LAD). Accordingly, Perry has failed to state a claim for retaliation.

### C. Plaintiff Has Failed to State a Hostile Work Environment Claim

In its opening brief, UPS clearly articulated that Perry's hostile work environment claim must be dismissed as he has failed to allege harassment *based on race* and failed to allege severe or pervasive harassment. Particularly, Perry's Amended Complaint alleges only unspecified "bullying" by various supervisors, and *none* of Perry's factual allegations contend that he was subjected to incidents

of harassment *based on* his race. (Am. Compl. ¶¶ 4-31). This deficiency alone requires dismissal of the hostile work environment claim. *See DeSantis v. New Jersey Transit*, 103 F. Supp. 3d 583, 593-94 (D.N.J. 2015) (concluding that plaintiff failed to plead a sufficient LAD hostile work environment claim where plaintiff's complaint did not contain "any clear allegation that his employer would not have engaged in the alleged harassing conduct but for his [protected status]"); *Williams v. The Hershey Co.*, No. 20-9394, 2021 WL 1686568, at *3-4 (D.N.J. Apr. 29, 2021) (concluding that plaintiff failed to adequately plead a hostile environment claim where there was "absolutely no connection to Plaintiff's [protected status]. . . . [T]here needs to be some allegation that demonstrates the requisite discriminatory tinge.").

Further, in addition to connecting the alleged behavior to a protected characteristic (which Perry has failed to allege, as discussed above), the alleged conduct must be so extreme as to amount to a change in the terms and conditions of employment. Here, as explained in the opening brief, Perry does not come close to this high standard.

Other than arguing that the continuing violation doctrine should apply to save his untimely allegations—discussed, *supra*—Perry once again fails to acknowledge, let alone distinguish, the controlling case law requiring dismissal of

his hostile work environment claim. Accordingly, Perry's claim for a hostile work environment must be dismissed.

### POINT IV

**Plaintiff Assents to Dismissal of His Cause of Action for Punitive Damages.**

In his Opposition, Perry agrees that "'the Court must dismiss Plaintiff's separate count for punitive damages…because an independent count for punitive damages is not cognizable.'" (Dkt. No. 17 at 16-17.) While he believes his actual claim for punitive damages should not be dismissed, he assents to "the dismissal of the stand-alone cause of action for such damages." (*Id.* at 17.) Accordingly, Count Four of the Amended Complaint must be dismissed.

### CONCLUSION

For the reasons stated herein as well as the reasons set forth in UPS's moving brief and supporting papers, UPS respectfully requests that the Court grant its Motion to Dismiss in its entirety and with prejudice.

For the reasons stated herein as well as the reasons set forth in UPS's moving brief and supporting papers, UPS respectfully requests that the Court grant its Motion to Dismiss in its entirety and with prejudice.

|  |  |
|---|---|
| Dated: November 8, 2021 | **LITTLER MENDELSON, P.C.**<br>Attorneys for UPS<br>290 Broadhollow Road, Suite 305<br>Melville, New York 11747<br>631-247-4700<br>dsgomez@littler.com<br><br>/s/ *Daniel Gomez-Sanchez*<br>Daniel Gomez-Sanchez<br>Scott C. Silverman |

13