**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SAMUEL PERRY, | : | |
| | : | |
| Plaintiff, | : | **Civil Action No. 21-11028 (JXN) (AME)** |
| | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| | : | |
| UNITED PARCEL SERVICE, JOHN | : | |
| DOE 1-10, and ABC CORP. 1-10, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**NEALS**, District Judge:

      This matter comes before the Court on Defendant United Parcel Service's ("UPS") motion to dismiss Plaintiff Samuel Perry's ("Plaintiff") amended complaint (ECF No. 13) (the "Amended Complaint") filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 15). Plaintiff opposed (ECF No. 17), and UPS replied. (ECF No. 21). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332 and 1391(b)(2), respectively. The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, UPS's motion to dismiss (ECF No. 15) Plaintiff's Amended Complaint (ECF No. 13) is **GRANTED**.

      Count Four is **DISMISSED** with prejudice. Allegations regarding seniority; job preference; transfer eligibility; and the timely resolution of grievances are **DISMISSED** with prejudice. Paragraphs five through seventeen are **DISMISSED** with prejudice. Counts One through Three are **DISMISSED** without prejudice. Plaintiff has 30 days from the date hereof to file an amended complaint that is consistent with this Opinion.

## I.        BACKGROUND AND PROCEDURAL HISTORY

On March 29, 2021, Plaintiff commenced this matter in the Superior Court of New Jersey. (UPS's Notice of Removal (ECF No. 1) (the "Notice of Removal") ¶ 1); (*see also* Ex. A to the Notice of Removal (ECF No. 3) (the "Initial Complaint")).  Following receipt of the Summons and Complaint, UPS removed the case.  (Notice of Removal ¶¶ 2, 4).  On August 18, 2021, Plaintiff filed the Amended Complaint.[1]

Plaintiff works for UPS as a truck driver.  (Am. Compl. at 2 ¶¶ 1-2).[2]  During his tenure, he "suffered sustained and repeated harassment from supervisory personnel" by "create[ing] a hostile work environment for Plaintiff."  (*Id.* ¶ 4).  This was "often-times" in response to Plaintiff "filing [] grievances" that UPS "ignored and postponed" resolution to harm Plaintiff.  (*Ibid.*).

From July 20, 2017 to February 12, 2019, Plaintiff filed thirteen grievances against several UPS personnel regarding termination, overtime, discrimination, harassment, retaliation, transfer requests, seniority rights, and violating UPS's work-related injury policy.  (*Id.* ¶¶ 5-17).  Though delayed, all were resolved.  (*Id.* ¶¶ 5-17).  From March 4, 2020 to March 31, 2021, Plaintiff filed an additional thirteen grievances against UPS personnel for harassment, unpaid wages, bullying, bodily harm, disparate treatment, reassignments, and job duties.  (*Id.* ¶¶ 18-30).  Like the previous grievances, all were delayed but resolved.  On March 31, 2021, Plaintiff filed a single grievance that has not been resolved.  (*Id.* ¶ 31).

Plaintiff alleges the following causes of action under New Jersey's Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq*: (i) discrimination (Count One); (ii) retaliation (Count Two); (iii) hostile work environment (Count Three); and (iv) punitive damages (Count

---

[1] The following factual allegations are taken from the Amended Complaint that are accepted as true.  *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n.27 (3d Cir. 2010).
[2] The paragraphs erroneously restart on p. 2.

Four).  On September 15, 2021, UPS filed the instant motion to dismiss.  On October 13, 2021, Plaintiff opposed.  On November 8, 2021, UPS replied.  This matter is ripe for consideration.

## II.      **LEGAL STANDARD**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations and ellipses omitted).  On a Rule 12(b)(6) motion, the "facts alleged must be taken as true" and dismissal is not appropriate where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted).  A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a complaint is sufficient, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must "assume the[] veracity" of well-pleaded factual allegations and ascertain whether they plausibly "give rise to an entitlement for relief."  *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (citations omitted).

## III.      **DISCUSSION**

### A.      **Plaintiff Fails to State a Punitive Damages Claim (Count Four)**

Plaintiff alleges a standalone claim for punitive damages (Count Four).  (Am. Compl. at 19-20).  In citing *Smith v. Covidien LP*, UPS argues that the claim should be dismissed because "an independent count for punitive damages is not cognizable."  (UPS's Mem. of Law (ECF No.

15-1) (the "Mem. of Law") at 32[3]) (quoting No. 19-11981, 2019 WL 7374793, at *10 (D.N.J. Dec. 31, 2019)).[4]  Plaintiff agrees.  (Pl.'s opposition (ECF No. 17) ("Pl.'s Opp.") at 21).  Accordingly, Count Four is dismissed with prejudice.  Dismissal of Count Four, however, does "not prevent[] [Plaintiff] from seeking punitive damages relative to [his] other claims if . . . available for such claims."  *Smith*, 2019 WL 7374793, at *10 (citations omitted).

### B.   Federal Law Preempts Some Allegations in the Amended Complaint

UPS argues that the Amended Complaint is preempted by the Labor Management Relations Act (the "Labor Relations Act"), 29 U.S.C. § 185.  (Mem. of Law at 15-19).  Plaintiff opposes.  (Pl.'s Opp. at 11-14).  In short, Plaintiff's allegations regarding seniority, job preference, transfer eligibility, and the timely resolution of grievances are preempted.  Plaintiff's allegations regarding freedom from harassment and a hostile work environment, and the assignment of vehicles are not preempted.

"Section 301(a) of the LMRA provides for federal jurisdiction over disputes regarding collective bargaining agreements" or "CBA."  *Medley v. Atl. Exposition Servs., Inc.*, 550 F. Supp. 3d 170, 191 (D.N.J. 2021) (citing 29 U.S.C. § 185(a)).  Preemption of "state law claims[,]" however, "is limited in scope . . . ."  *Id.* at 191 (citation omitted).  Preemption occurs when the claims "depend upon the meaning of collective bargaining agreements."  *Naples v. N.J. Sports & Exposition Auth.*, 102 F. Supp. 2d 550, 552 (D.N.J. 2000) (citations omitted).  "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, the claim is preempted by § 301 and must be decided pursuant to federal labor contract law."  *Snyder v. Dietz & Watson, Inc.*, 837 F. Supp. 2d 428, 438 (D.N.J. 2011) (citation and internal quotations omitted).

---

[3] The Court refers to the ECF page numbers.
[4] Both parties miscite the case.

The Labor Relations Act "does not preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Naples*, 102 F.Supp. 2d at 553 (citation and internal quotations omitted).  So, "[o]nly state law claims inextricably intertwined with considerations of the terms of the labor contract are preempted by [the] LMRA."  *Id.* at 553 (citation and internal quotations and brackets omitted).  Such analysis is done "on a case by case basis . . . ." *Medley*, 550 F. Supp. 3d at 192 (citation and internal quotations omitted).

The "dispositive question" in a Labor Relations Act preemptive analysis "is whether [plaintiff's] state claims require any interpretation of a provision of the CBA."  *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 256 (3d Cir. 2004) (citation omitted) (emphasis removed).  In *Medley*, the court noted that "in the vast majority of cases, an NJLAD claim will not require an interpretation of a CBA."  550 F. Supp. 3d at 196.  However, when a court decides, like here, whether a plaintiff suffered an adverse employment, it must determine whether the plaintiff alleged that the defendant's "conduct" was "serious and tangible enough to alter" the plaintiff's "compensation, terms, conditions, or privileges of employment."  *Id.* at 196 (citation and internal quotations omitted).  Like in *Medley*, the Court "sees no means of assessing whether Plaintiff[] [] truly suffered an adverse employment action that could demonstrate discrimination without first determining whether Plaintiff[]" was "entitled" to certain things alleged in the Amended Complaint.  *Id.* at 196-97.

Plaintiff alleges that he was discriminated by being "forced to endure disparagement treatment with respect to: his seniority rights; his right to bid on jobs; [and] his right to seek transfers . . . ."  (Am. Compl. ¶ 39).  He also claims that UPS injured him by "ignor[ing] and postpon[ing] resolution of his grievances.  (*Id.* ¶ 45).  In response, UPS directs the Court to the Collective Bargaining Supplemental Agreement Between UPS and Drivers Teamsters Local

Union 177 for 2018-2023 (the "Supplemental Agreement") (Ex. A to Norberto Guzman's July 1, 2021 Declaration (ECF No. 15-2) ¶ 3).

A "district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings" unless they are "*integral to or explicitly relied* upon in the complaint . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted). The Supplemental Agreement appears to be a "matter extraneous to the" Amended Complaint that is "*integral to or explicitly relied* upon in the" Amended Complaint (*see In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426) (citations omitted)), because the Amended Complaint references a collective bargaining agreement. (Am. Compl. ¶ 8). The Supplemental Agreement also contains certain provisions Plaintiff alleges UPS violated. (*See, gen.,* Am. Compl.). Thus, the Court may consider the document.

In reviewing the Supplemental Agreement, certain allegations in the Amended Complaint are preempted by the Labor Relations Act. Plaintiff's seniority, job preference, transfers, and the timely resolution of grievances "appear[], on [their] very face, to require more than simple reference to or consideration of the terms of" the Supplemental Agreement. *Medley*, 550 F. Supp. 3d at 196. This is because the Supplemental Agreement specifically provides these rights. (*See, gen.,* Suppl. Agreement). It also provides the process for and the timely settlement of grievances. Plaintiff neither disputes that the Supplemental Agreement provides these rights nor that he is subject to the Supplemental Agreement. (*See, gen.,* Pl.'s Opp.). Plaintiff also references a CBA in the Amended Complaint. (Am. Compl. ¶ 8).

Therefore, to adjudicate Plaintiff's claims based on allegations concerning seniority, job preference, transfers, and the settlement of grievances, requires interpretation of the Supplemental Agreement. *See Miles v. Nat'l Football League*, 641 F. Supp. 3d 91, 98 (D.N.J. 2022) (finding

LAD claims preempted because they "substantially depend on whether" defendant's "actions were aligned with the CBA . . . .") (citation omitted).  In other words, Plaintiff "cannot plead around preemption" (*Id.* at 100), because Plaintiff has "affirmatively chosen to place the question of how the" Supplemental Agreement "should be interpreted at the core of [his] NJLAD claim." *Medley*, 550 F. Supp. 3d at 196.

Thus, the Court finds that Plaintiff's alleged "state-law rights and obligations[,]" concerning these specific allegations, "do not exist independently of" the parties' "private agreements, and [] as a result[,]" are "pre-empted by" the Supplemental Agreement.  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (citation omitted).  Accordingly, Plaintiff's allegations concerning seniority, job preference, transfer eligibility, and the timely resolution of grievances are preempted and dismissed with prejudice[5].

Plaintiff's cited cases (*see* Pl.'s Opp. at 11-13) do not undermine this finding because the allegations preempted here fall outside similar LAD claims.  *See Naples*, 102 F. Supp. 2d at 553 (District courts "have consistently determined that claims under the NJLAD are separate and independent from the terms of labor contracts.") (citations omitted).  However, Plaintiff's allegations regarding "his right to be free from harassment; his right to be free from a hostile work environment;" his rights "in the assignments of trucks for his usage; [and] his right to be free from exposure to Covid-19" (Am. Compl. ¶ 39), are not preempted.  *See Patterson v. Exxon Mobil Corp.*, 262 F. Supp. 2d 456, 465-66 (D.N.J. 2003) ("Plaintiff's LAD claim seeks the enforcement of state anti-discrimination law, which defines the right not to be discriminated against without reference to the terms of the parties' CBA.").

---

[5] Plaintiff's allegations regarding UPS's work-related injury policies (Am. Compl. ¶¶ 16-17), may ultimately be preempted if such policies are provided for only in the Supplemental Agreement.

UPS cites *Labree v. Mobil Oil Corp.*, 300 N.J. Super. 234 (App. Div. 1997), for the proposition that Counts One through Three in their entirety should be preempted. (Mem. of Law at 17). There, the court concluded that "light duty work[,]" which was not specifically provided for in the CBA, was preempted by federal law because "[i]t is a question of contract interpretation whether there was an implied promise to provide light duty positions to those employees who were injured, and if so, whether [defendant] breached that implied contract provision." *Id.* at 240 (citation omitted). "Therefore, since resolution [] necessarily involves examination of the CBA, section 301 preempts that claim." *Id.* at 240. UPS's reliance on *Labree* does not change the Court's limited preemption finding.

First, *Labree* concerned an appeal of a denial of summary judgment and not a pre-answer motion to dismiss. Second, UPS does not argue, unlike the plaintiff in *Labree*, that items not specifically mentioned in the Supplemental Agreement are nonetheless subject to it. Third, and finally, UPS does not contend that the allegations outside those specifically preempted here are also preempted. Therefore, the Court's determination stands.

### C. Plaintiff's Pre-March 29, 2019 Allegations are Time Barred

If it is "apparent on the face of the complaint," a district court may dismiss a complaint because of a statute of limitations affirmative defense. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citations and internal quotations omitted). However, if not apparent from the face of the pleading, a court "may not afford the basis for a dismissal . . . under Rule 12(b)(6)." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (citation and internal quotations omitted). Here, UPS argues that Counts One through Three are governed by a two-year statute of limitations (*see* Mem. of Law at 19) (citing *Montells v. Haynes*, 133 N.J. 282, 292 (1993)), which Plaintiff does not dispute. (*See, gen.,* Opp.). Thus, a two-year statute of limitations applies.

Turning to the statute of limitations as a basis for dismissal, it is clear from the face of the Amended Complaint that certain allegations are time barred.  While some of the alleged incidents giving rise to this action took place from July 20, 2017 to February 12, 2019 (Am. Compl. ¶¶ 5-17), Plaintiff did not file the Initial Complaint until March 29, 2021.  (Notice of Removal ¶ 1; ECF No. 3).  Therefore, "unless some basis for tolling applies," these allegations are time barred.  *Jonas v. Gold*, 627 F.App'x 134, 139 (3d Cir. 2015).  Plaintiff argues that the continuing violations doctrine (the "Doctrine") tolls the statute of limitations.  (Pl.'s Opp. at 19).  The Court disagrees and dismisses the July 20, 2017 to February 12, 2019 allegations with prejudice.  (Am. Compl. ¶¶ 5-17).

The Doctrine is an "equitable exception to the timely filing requirement."  *Cowell v. Palmer Tp.*, 263 F.3d 286, 292 (3d Cir. 2001) (citation and internal quotations omitted).  If appropriate, "the court will grant relief for the earlier related acts that would otherwise be time barred."  *Id.* at 292 (citation and internal quotations omitted).  In analyzing the allegations, courts:

> [C]onsider at least three factors: (1) subject matter—whether the violations constitute the same type of [misconduct], tending to connect them in a continuing violation; (2) frequency—whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence—whether the acts had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

*Id.* at 292 (citation omitted).

Here, the Doctrine does not toll the statute of limitations.  *See Gould v. Borough*, 615 F.App'x 112, 116 (3d Cir. 2015) (Continuing violations doctrine "creates a narrow and equitable exception to the timely filing requirement.") (citations and internal quotations omitted).  The July 20, 2017, to February 12, 2029 grievances may have been filed with UPS, but were against

different UPS personnel and for different reasons.  The allegations also suggest that each grievance was a separate and isolated event.  For example, Plaintiff's July 20, 2017 grievance was "for being disrespectful and intimidating . . . ."  (Am. Compl. ¶ 6).  No other similar grievance was filed. Likewise, Plaintiff's August 9, 2017 grievance was in part "for attempted blackmail[] [and] attempted bribery . . . ."  (*Id.* ¶ 7).  Plaintiff does not allege an analogous grievance.  Additionally, though purportedly delayed, each grievance was resolved.  (*Id.* ¶¶ 5-17).  Finally, in separating the 20, 2017 to February 12, 2019 allegations from the "ACTIONABLE COUNTS" beginning on March 4, 2020 (*Id.* ¶ 18), Plaintiff appears to concede that they are time barred.  (Mem. of Law at 21 n.4).

In the Opposition, Plaintiff baldly asserts, without supporting authority, that because he remains "employed by UPS[,]" the Doctrine applies.  (Pl.'s Opp. at 18-19).  Plaintiff does not direct the Court, however, to any allegations that support this contention.  Thus, the Doctrine does not toll the statute of limitations as to actions alleged within Paragraphs five to seventeen.

Next, Plaintiff cites *Rios v. Meda Pharm., Inc.*, 247 N.J. 1 (2021), to argue that Count Three should not be dismissed because "courts must consider prior incident(s) of inappropriate conduct when determining whether to dismiss a complaint."  (*Id.* at 19).  The Court disagrees.

In *Rios*, the New Jersey Supreme Court considered "whether a supervisor's use of two offensive slurs could support a hostile work environment claim."  *Id.* at 5.  In analyzing the second prong of a hostile work environment claim, the Court stated that courts "must consider the cumulative effect of the various incidents . . . ."  *Id.* at 11 (citations and internal quotations omitted). *Rios* is both factually and legally distinguishable, and does not stand for the tolling proposition Plaintiff contends.  Accordingly, only the post-March 29, 2019 allegations remain.  (Am. Compl. ¶¶ 18-31).

**D.**    **Plaintiffs Fails to State an LAD Claim**

UPS argues that Plaintiff fails to state an LAD claim.  (Mem. of Law at 22-32).  The Court agrees.  To state an LAD claim, Plaintiff must allege that he "(1) belongs to a protected class; (2) was performing a job at a level that met the employer's legitimate expectations; (3) suffered an adverse employment action; and (4) others not within the protected class did not suffer similar adverse employment actions." *Maclean v. Stuart Weitzman Shoes*, 863 F. Supp. 2d 387, 391 (D.N.J. 2012) (citation omitted).  He must similarly allege an adverse employment action to state a retaliation claim.  *Id.* at 391-92.

Here, it also does not appear from the face of the Amended Complaint that Plaintiff suffered a "material change to the terms, conditions, compensation, and privileges of his employment as a result of *any* cause."  (UPS's reply (ECF No. 21) at 11).  Plaintiff provides no argument in opposition. Accordingly, Plaintiff has not alleged an adverse employment action and the Court dismisses Counts One and Two without prejudice.

To state a hostile work environment claim, Plaintiff must allege "that the complained-of conduct (1) would not have occurred but for the employee's race; and the conduct was (2) severe or pervasive enough to make a (3) reasonable African American believe that (4) the conditions of employment are altered and the working environment is hostile or abusive." *Nuness v. Simon and Schuster, Inc.*, 325 F. Supp. 3d 535, 545 (D.N.J. 2018) (citation and internal quotations and brackets omitted).  Here, UPS contends that Plaintiff neither alleged race harassment nor severe or pervasive harassment.  (Mem. of Law at 28-32).  Plaintiff does not respond to UPS's assertion and instead argues in conclusory fashion that he suffered "discriminatory and harassing conduct" that caused him injury.  (Pl.'s Opp. at 16).  Accordingly, Count Three is dismissed as abandoned. *Depalma v. N.J. Turnpike Auth.*, No. 20-3210, 2020 WL 6689800, at *7 (D.N.J. Nov. 13, 2020).

Though some courts in this District dismiss abandoned claims with prejudice (*see Sevajian v. Castro*, No. 20-1591, 2022 WL 17733675, at *3 n.1 (D.N.J. Dec. 6, 2022)), dismissal here is without prejudice.

**IV.**      <u>**CONCLUSION**</u>

For the reasons set forth above, UPS's motion to dismiss (ECF No. 15) is **GRANTED**.  An appropriate Order accompanies this Opinion.

<u>s/ Julien Xavier Neals</u>

DATED: <u>3/5/2024</u>      **JULIEN XAVIER NEALS**
United States District Judge